THE CINCINNATI, &C., RAILRO'D CO.
v.
SIPE.

---

THE PRESIDENT AND DIRECTORS OF THE CINCINNATI, UNION, AND FORT WAYNE RAILROAD COMPANY *v.* SIPE.

The right of way of a railroad company is such an interest in real estate as may not be put in issue in the pleadings of a cause in the Court of Common Pleas.

APPEAL from the *Randolph* Court of Common Pleas. Monday, November 22.

HANNA, J.—This was a suit in the nature of an action of trespass, commenced by *Sipe* against the company, in which he alleged that he was the owner of certain lands, and that the company, by the construction of their road over the same, had committed injuries, &c., to the damage, &c.

An answer containing five paragraphs was filed. The issue made upon the fifth, presents the question to be first settled.

That paragraph averred that the company had the title to the right of way, through and over said land, eighty feet in width, as located, &c. · The reply to this paragraph was a denial.

It is insisted by the company that the part of the pleadings above stated put in issue the title to real estate, and, therefore, the Common Pleas Court had no jurisdiction, under the statute. 2 R. S. p. 18.

Perhaps these pleadings do not claim title to as full an extent as might be done under the general railroad law, &c.; but the question is raised, whether the right of way for a railroad over the lands, &c., for an indefinite period of

Nov. Term,
1858.

THE CINCIN-
NATI, &c.,
RAILRO'D Co.
v.
SIPE.

time, is such a title as the Common Pleas Court may not try.

Chapter 2, book 2, of Black. Com., treats of real property, and, in reference to the several sorts, divides the same into lands, tenements and hereditaments, and states that hereditaments are corporeal or incorporeal; and in the next chapter, in treating of such incorporeal hereditaments, under the fourth subdivision, is that of ways, or, "the right of going over another man's ground." "It is an incorporeal hereditament of a real nature—a mere easement, entirely different from public or private roads." 2 Bouv. Dict. 647.   An easement is a liberty or privilege which one man may have in the lands of another, without profit; it is an incorporeal hereditament.   1 Bouv. Dict. 457.

The right to construct and operate a railroad over the lands of the citizen, is often mentioned as an easement by late writers upon law, and in late decisions of the Courts.

An easement, then, of this character, is at least held by a possessory title—a right to use and occupy a certain portion of the lands for a certain purpose.   Redf. on Railw. 127, note.

A somewhat analogous statute has already received a construction by this Court, and by that construction it is decided that the several kinds of titles to real estate are included within its provisions, to-wit, fee simple, legal, equitable, and possessory.   *Anderson* v. *Buchanan et al.*, 8 Ind. R. 132.—*Smith* v. *Cronkhite, id.* 134.

Following these principles and decisions, we are of opinion that the title to real estate was so far put in issue by the pleadings, as to oust the Court of Common Pleas of jurisdiction.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Smith,* for the appellants (1).

*J. Brown, T. M. Browne,* and *J. J. Cheeney,* for the appellee (2).

(1) Mr. *Smith* cited the following authorities: In *Parker* v. *Bussell,* 3 Blackf. on p. 414, the Court say that the action of trespass "does not, of itself, bring the title of land in question; because the defendant may admit the title to be

Nov. Term,
1858.

The Cincin-
nati, &c.,
Railro'd Co.
v.
Sipe.

in the plaintiff, but he may deny the commission of the trespass. But if he plead *liberum tenementum*, then the title of land must come in question, and there the justice of the peace must stop." In *Bryan* v. *Blythe*, 4 *id.*, at pp. 251, 252, the Court say that where the Court has not jurisdiction of the subject-matter of the suit, "neither a plea to the jurisdiction, nor any other plea, would be necessary to oust the jurisdiction of the Court. The cause might be dismissed on motion; and even without motion, it would be the duty of the Court to dismiss it *ex officio;* for the whole proceeding would be *coram non judice*, and utterly void." See, also, *Miller* v. *Snyder*, 6 Ind. R. 1; *Horner* v. *Doe*, 1 *id.* 130; *Williamson* v. *Berry*, 8 How. (U. S.) 495. In this last case it was held, that "where a limited tribunal takes upon itself to exercise a jurisdiction which does not belong to it, its decisions amount to nothing, and do not create a necessity for an appeal." The case of *Wolcott* v. *Wigton*, 7 Ind. R. 44, does not conflict with the foregoing cases; for in that case the question of title came up incidentally, while here it is the issue.

A railroad is a highway, as well as corporation or private property. The *Commonwealth* v. *Rice*, Am. Railw. Times, Boston, Sept. 20, 1855.

But the plaintiff had no right to recover upon the facts, waiving the question as to jurisdiction. The company entered under a claim of right. This entry and claim, made to the exclusion of the owner, was an ouster. 2 Bouv. Inst. p. 258, §§ 2355, 2356.—*Ewing* v. *Burnet*, 11 Pet. 41. In *Bradstreet* v. *Huntington*, 5 *id.* 439, it is said that "a possession may be adverse whenever an ouster may be presumed;" and "whenever the proof is, that one in possession holds for himself, to the exclusion of all others, the possession so held must be adverse to all others, whatever relation, in point of interest or privity he may stand in to the others." *Sipe* bought the land knowing that the defendants were in possession under claim of right. His vendor could have maintained trespass, but he did not. The alienation tolled the right of entry because it was not assignable (5 Bac. Abr. 642, tit. Leases, P.—*Fite* v. *Doe*, 1 Blackf. 127), and the defendant has color of right, as well as claim, against *Sipe*. *Bell* v. *Longworth*, 6 Ind. R. 273. Trespass will not lie against a party in possession, under claim and color of right. 9 Bac. Abr. tit. Trespass, C. 3. The owner must first bring his action and recover possession. Under our statute he may recover for the trespass and mesne profits—that is, he may have his trespass in the same action; but not without his action for possession, to try the title of the party in possession. "To constitute an adverse possession, a rightful title is not required. * * * * 'Wherever this defense is set up, the idea of right is excluded; the fact of possession, and the *quo animo* it was commenced and continued, are the only tests.'" *Hearick* v. *Doe*, 4 Ind. R. 167. See, also, 2 Bouv. Inst. p. 484, § 2197, and *Bradstreet* v. *Huntington, supra*. And trespass will not lie against a party in adverse possession, though the plaintiff may have the better title to the possession. If the party having the better title enter, the party in possession may bring trespass, and the plea of *liberum tenementum* will put the title in issue. See the authorities summed up in the second note to *Conner* v. *New Albany*, 1 Blackf. 89.

Touching the effect of the alienation of land after a railroad is located upon it, and before damages are assessed, the vendee having notice of the location, Mr. *Smith* cited *The New Albany and Salem Railroad Co.* v. *Connelly*, 7 Ind. R. 32; the *Wayne County Turnpike Co.* v. *Berry*, 5 *id.* 286; *Medler* v. *Hiatt*,

Nov. Term, 1858.